IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

MONIQUE M. LESTER, and
LAURENCE CHAMPAGNE,

     Plaintiffs,

v.                            Civil Action No. 2:06-0551

GEICO GENERAL INSURANCE CO.,

     Defendant.

<u>MEMORANDUM OPINION AND ORDER</u>

Pending before the court is plaintiffs' motion to remand, (Doc. No. 6).  This motion became ripe for adjudication when defendant failed to respond within the period provided by Local Rule of Civil Procedure 7.1(c).  Having reviewed the record and applicable case law, for the reasons outlined below, plaintiffs' motion to remand (Doc. No. 6) is **GRANTED.**  The Clerk is **DIRECTED** to send the record of this case, along with a certified copy of this Memorandum Opinion and Order, to the Circuit Clerk of Mingo County.

A.  Factual and Procedural Background

Plaintiffs aver that the present case began when, on April 17, 2006, they filed a Motion for Leave to File a Third-Party Complaint for Declaratory Judgment against defendant in the Circuit Court of Mingo County, West Virginia, in Civil Action No. 05-C-92, <u>Mullins v. Lester</u>.  (<u>See</u> Doc. No. 6 ¶ 1.)  On May 1, 2006, the Circuit Court of Mingo County, West Virginia, heard

this motion, and, concerned about the Third-Party Complaint's effect on the court's time standards, denied the motion, but simultaneously ordered the new civil action contemplated by plaintiff's motion to be consolidated with Civil Action No. 05-C-92. (Id. ¶ 4.)  Plaintiffs attach an Order from the Circuit Court of Mingo County stating this.  (See Id. Ex. A.)

Plaintiffs indicate that the consolidation of Civil Action No. 06-C-185, which would be removable, with Civil Action No. 05-C-92, which is not, keeps Civil Action No. 06-C-185 from being removed.  (See id. ¶ 7.)  Plaintiffs filed their motion to remand on August 4, 2006, and defendant did not respond within the time period provided under Local Rule 7.1(c).  As such, this motion is ripe for adjudication.

**B.  Analysis**

A defendant may remove a case from state court to federal court when the defendant can show by a preponderance of the evidence that the federal court has jurisdiction.  Title 28 U.S.C. § 1441, known as the "removal statute," provides that a case filed in state court can be removed to federal court when it is shown by the defendant that the federal court has jurisdiction.  See Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) (providing that defendant has the burden of proof to show jurisdiction of the federal court).

If a defendant chooses to remove an action from state court to federal district court, it must file a notice of removal containing a short and plain statement of the grounds for removal within thirty days of the case becoming removable.  28 U.S.C. § 1446(a).  Here, defendant did this.  Because removal raises federalism concerns, the court must carefully scrutinize the facts to ensure that removal is appropriate.  Mulcahey, 29 F.3d at 151 (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941)).  Defendant bears the burden of establishing that removal is appropriate.  Id.; Landmark Corp. v. Apogee Coal Co., 945 F. Supp. 932, 935 (S.D. W. Va. 1996) (Copenhaver, J.).

In this case, defendant never responded to plaintiffs' assertion, accompanied by evidence in the form of a state court Order, that plaintiffs' case had been consolidated with a second action which was non-removable.  Defendant has the burden of showing that removal is appropriate.  Mulcahey, 29 F.3d at 151. Here, defendant has not met this burden.  As such, the court must grant plaintiffs' motion and remand this case to the Circuit Court for Mingo County, West Virginia.

## C.  Conclusion

For the reasons outlined herein, plaintiffs' motion to remand (Doc. No. 6) is granted.  The Clerk is directed to mail copies of this Memorandum Opinion and Order to counsel of record, and to forward the record of this case, along with a certified

3

copy of this Memorandum Opinion and Order, to the Circuit Clerk
of Mingo County, West Virginia.

It is **SO ORDERED** this 25th day of August, 2006.

ENTER:

David A. Faber
Chief Judge

4